IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CAROL ABRAMOVITZ, RAY ABRAMOVITZ, RANDI ABRAMOVITZ, and CHRISSY OWENS,**<br><br>Plaintiffs,<br><br>v.<br><br>**ATLANTIC SPECIALTY INSURANCE COMPANY,**<br><br>Defendant. | Case No. 2:23-CV-02076-JAR-GEB |
| **ATLANTIC SPECIALTY INSURANCE COMPANY,**<br><br>Third-Party Plaintiff,<br><br>v.<br><br>**LEAVENWORTH COUNTY, KANSAS,**<br><br>Third-Party Defendant. | |

**MEMORANDUM AND ORDER**

Carol Abramovitz, Ray Abramovitz, Randi Abramovitz, and Chrissy Owens (together, "Plaintiffs") bring this lawsuit against Atlantic Specialty Insurance Company ("Atlantic") seeking underinsured motorist benefits following the death of Daniel Abramovitz ("Decedent"). Atlantic subsequently filed a declaratory judgment action against Leavenworth County, Kansas ("Leavenworth"), Decedent's employer at his time of death, to resolve a dispute regarding whether coverage is afforded to Plaintiffs under the insurance policy issued by Atlantic to Leavenworth (the "Atlantic Policy"). This matter is before the Court on Leavenworth's Motion to Dismiss for Failure to State a Claim (Doc. 29). The motion is fully briefed, and the Court is

prepared to rule.[1]  For the reasons set forth below, the Court grants Leavenworth's motion to dismiss.

## I.   Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[2] and must include "enough facts to state a claim for relief that is plausible on its face."[3] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[5]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[6]  Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but

---

[1] While Leavenworth did not file a reply brief in support of its motion to dismiss, because the time to do so has expired, the Court deems the motion ripe for decision.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[3] *Id*. at 570.

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[8]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

## II.      Background

The following facts are alleged in the Third-Party Complaint[12] and assumed to be true for the purposes of deciding this motion.

Decedent was killed in a car crash in October 2020.  At the time of the accident, Decedent was acting in the scope of his employment as a Leavenworth County Sheriff's Department detective and was driving a 2014 Ford Expedition owned by his employer.  He struck a 2006 Blue Bird School Bus that was operated by Cherie Williams and owned by the Tonganoxie School District.

Leavenworth was the named insured on the Atlantic Policy that provided automobile insurance, including uninsured motorists insurance.[13]  Tonganoxie School District was the named insured on a policy issued by the Kansas Educational Risk Management Pool, LLC (the "KERMP Policy").  After the accident, Plaintiffs, Decedent's surviving spouse and children,

---

[8] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[9] *Id*. at 678–79.

[10] *Id*. at 679.

[11] *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

[12] Doc. 19.

[13] Doc. 19-1.

settled with Tonganoxie School District and recovered the KERMP Policy limits of $500,000. Plaintiffs also initiated a lawsuit against Atlantic to recover the remainder of the compensation it sought for the accident.

After Plaintiffs' lawsuit against Atlantic was filed, Atlantic filed a Third-Party Complaint against Leavenworth seeking a declaratory judgment regarding the interpretation of the Atlantic Policy, arguing that the policy does not provide coverage for the accident. The parties agree that there is no claim for relief against Leavenworth in Atlantic's Third-Party Complaint. The parties also agree that there is no assertion that Leavenworth may be liable to Atlantic through contribution or indemnification.

## III. Discussion

Leavenworth asserts that Atlantic's Third-Party Complaint should be dismissed because it is undisputed that (1) Atlantic has made no claim for relief against Leavenworth in its Third-Party Complaint seeking declaratory judgment, and (2) there is no assertion made that Leavenworth may be liable to any party through contribution or indemnification. Atlantic takes the position that despite these undisputed facts, because the Atlantic Policy was issued to Leavenworth, it is a necessary party to its Third-Party Complaint for declaratory judgment regarding an interpretation of the Atlantic Policy. For the following reasons, the Court disagrees.

Although not explicitly mentioned therein, the procedural mechanism by which Atlantic brings its Third-Party Complaint for declaratory judgment against Leavenworth is through Fed. R. Civ. P. 14(a). The rule "only permits a defending party to file a third-party complaint against 'a nonparty who is or may be liable to [the defending party] for all or part of the claim against

[the defending party].'"[14]  As stated above, it is undisputed here that Leavenworth is not liable to Atlantic, the third-party plaintiff, for any of Plaintiffs' claims against it.  Nor is there any allegation that Plaintiffs have made any claims against Leavenworth directly.  Therefore, under the plain text of Rule 14(a), Leavenworth's motion to dismiss should be granted.

Some courts, however, have recognized declaratory judgment actions as an "exception" to these Rule 14(a) requirements.  For example, the District of Kansas has noted a tendency of courts nationwide to recognize such an exception to Rule 14 when insurance agents were impleaded into a declaratory judgment action brought by their employer.[15]  The court noted that these courts were permitting third-party claims to proceed in declaratory judgment actions despite a lack of the kind of derivative liability described above, stating, "Rule 14(a) [does] not preclude all third-party actions in which the third-party defendant would not be held liable directly for the judgment of the original defendant."[16]  According to those courts, "a strict interpretation of Rule 14(a) makes it impossible for defendants to declaratory judgment actions to maintain a third-party complaint, as the defendant to a declaratory judgment action will never be found liable to the plaintiff."[17]

The Court finds this line of cases distinguishable from the case at hand.  In those cases, the underlying actions were for declaratory judgment.  That is not the case here, where it is the third-party action, not the underlying action, that is for declaratory judgment. While the Court

---

[14] *Lansing Trade Group, LLC v. OceanConnect, LLC*, No. 12-2090, 2013 WL 120158, at *1 (D. Kan. Jan. 9, 2013) (quoting Fed. R. Civ. P. 14(a)).

[15] *Nat'l Fire Ins. Co. of Hartford v. Nat'l Cable Television Coop., Inc*., No. 10-2532-CM, 2011 WL 1430331, at *2 (D. Kan. April 14, 2011) (collecting cases).

[16] *Id*. (quoting *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 569 n.1 (S.D.N.Y. 1983) (citing *McGee v. United States*, 62 F.R.D. 205, 208–09 (E.D. Pa. 1973))).

[17] *Id*. (quoting *Hartford Cas. Inc. Co. v. Moore*, No. 08-cv-1350, 2010 WL 323502, at *3 (C.D. Ill. Jan. 20, 2010)).

acknowledges that the rationale provided in cases departing from strict interpretation of Rule 14(a) is sound based on the facts of those cases, the Court finds that it does not extend to the case at hand. Indeed, in a case such as this one, the defendant in the underlying action—which is not a declaratory judgment action—could bring an appropriate third-party complaint under Rule 14 if there was a person or entity that would be liable on the basis of contribution or indemnification. For example, if Atlantic had any such claim for contribution or indemnification against Leavenworth, Atlantic could bring a proper Rule 14 third-party complaint against it.

But, as has been well-established, that is not the case here. Accordingly, because there is no claim for relief asserted against Leavenworth, by Plaintiffs or Atlantic, for indemnification or otherwise, the Court finds that Leavenworth is not a proper party to Atlantic's third-party complaint.[18] Therefore, the Court grants Leavenworth's motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Leavenworth's Motion to Dismiss for Failure to State a Claim (Doc. 29) is **granted**, and Atlantic's Third-Party Complaint (Doc. 19) is **dismissed**.

**IT IS SO ORDERED.**

Dated: June 20, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[18] *See Colonial Pipeline Co. v. AIG Specialty Ins. Co.*, No. 19-cv-00762, 2020 WL 2615560, at *4–5 (N.D. Ga. May 22, 2020) (holding that there was a justiciable controversy in that case because the additional insured had separately filed an indemnification claim against the named insured and, therefore, the named insured was a proper party to the third-party declaratory judgment action) (first citing *Colony Nat'l Ins. Co. v. DeAngelo Bros., Inc.*, No. 13-cv-0041, 2014 WL 1159776 (M.D. Pa. Mar. 21, 2014) (holding that a contractor was proper party to a declaratory judgment action where a separate indemnification claim had been made against it); and then citing *Diamond State Ins. Co. v. Boys' Home Ass'n, Inc.*, No. 13-cv-457, 2014 WL 4626597 (M.D. Fla. Sept. 16, 2014) (holding that because there was no indication that any party had demanded indemnification from the named insured, there was no actual controversy between the insurer and the named insured)).